

### THE ATTORNEY GENERAL

### OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

March 28, 1947

Hon. Homer D. Eck
County Auditor
Fayette County
La Grange, Texas

Opinion No. V-112

Re: Fees due a constable and
a related matter.

Dear Mr. Eck:

Your request for an opinion of this Department is substantially as follows:

"Fayette County has its county officers on a salary basis and its precinct officers, such as the constable and justice of the peace, on a fee basis. One of the constables arrested a defendant in a forgery case and then brought him to the county jail.

"In view of the above facts, please give me your opinion on the following questions:

"1. How much is the constable entitled to for making the arrest and committing the prisoner?

"2. Under the above facts, what mileage is the constable entitled to if he travels 8 miles with the warrant to make the arrest and 25 miles with the prisoner from the point of making the arrest to the county jail in his own automobile?

"3. Does Article 1029 C.C.P. as amended by the 43rd Legislature entirely supersede the old Article 1029 C.C.P. since the old Article 1029 C.C.P. gives more detailed fees for services performed by the officer? In other words, which Article are we to follow, the old Article 1029 C.C.P. or the new Article 1029 C.C.P. as amended by the 43rd Legislature in 1933?"

Article 1030 of the Code of Criminal Procedure provides in part as follows:

"In each county where there have been cast
at the preceding presidential election less than
3,000 votes, the sheriff or constable shall re-
ceive the following fees when the charge is a
felony:

". . . provided, that in counties that
have a population of less than forty thousand
inhabitants, as shown by the preceding Federal
census, the following fees shall apply:  For
executing each warrant of arrest or capias, or
for making arrest without warrant, when author-
ized by law, three dollars and fifteen cents for
each mile actually and necessarily traveled in
going to place of arrest, and for conveying
prisoners to jail, mileage as provided for in
subdivision 4 shall be allowed;. . .

". . .

"4.  For removing a prisoner, for each mile
going and coming, including guards and all other
expenses, when traveling by railroad, ten cents;
when traveling otherwise than by railroad, fifteen
cents; provided, that when more than one prisoner
is removed at the same time, in addition to the
foregoing, he shall only be allowed ten cents a
mile for each additional prisoner."

Pursuant to the established departmental rul-
ing of this office and the Comptroller's office, Article
1030 applies to all counties having a population of less
than 40,000 inhabitants according to the preceding Fed-
eral census regardless of the number of votes cast at
the preceding presidential election.  Fayette County has
a population of less than 40,000 inhabitants; therefore,
Article 1030 is applicable to that county and its con-
stables.

Article 1020, C.C.P., provides, in part, as
follows:

"Sheriffs and Constables serving process
and attending any examining court in the ex-
amination of any felony case, shall be entitled
to such fees as are fixed by law for similar
services in misdemeanor cases in County Court
to be paid by the State, not to exceed Four and
No/100 ($4.00) Dollars in any one case, and

Hon. Homer D. Eck, Page 3, V-112

mileage actually and necessarily traveled in
going to the place of arrest, and for conveying
the prisoner or prisoners to jail as provided
in Articles 1029 and 1030, Code of Criminal Pro-
cedure, as the facts may be, but no mileage
whatever shall be paid for summoning or attach-
ing witnesses in the county where case is pending.
Provided no sheriff or constable shall receive
from the State any additional mileage for any
subsequent arrest of a defendant in the same case,
or in any other case in an examining court or in
any district court based upon the same charge or up-
on the same criminal act, or growing out of the same
criminal transaction, whether the arrest is made
with or without a warrant, or before or after indict-
ment, and in no event shall he be allowed to dupli-
cate his fees for mileage for making arrests, with
or without warrant, or when two or more warrants
of arrest or capiases are served or could have been
served on the same defendant on any one day."

In answer to your first factual situation, we
are herewith enclosing a copy of Opinion No. 0-2574, ren-
dered by this Department on August 3, 1940. Those fees
allowed in misdemeanor cases (Article 1065, C.C.P.) may
be taxed, but may not exceed Four ($4.00) Dollars, to-
gether with mileage.

In your second factual situation, it is the
opinion of this Department that the constable would be
entitled to fifteen (15¢) cents per mile for the eight
miles traveled to the place of arrest and a total of
thirty (30¢) cents per mile for returning said prison-
er to the county jail; fifteen (15¢) cents for the of-
ficer and fifteen (15¢) cents for the prisoner for each
mile actually and necessarily traveled when traveling by
private conveyance. (Binford vs. Robinson, 244 S.W.807)
However, when traveling by rail or bus, the constable
would be entitled to ten (10¢) cents per mile for each
mile going and coming and ten (10¢) cents per mile for
returning said prisoner.

Inasmuch as it is the ruling of this office
that your county is governed by the provisions of Arti-
cle 1030, C.C.P., a discussion of your third factual
situation is not deemed necessary. Suffice it to say,
the Legislature, in 1933, 43rd Legislature, Chapter 69,
page 144, only amended Section 5 of Article 1029 of the
Code of Criminal Procedure. One or more of the Articles

or Sections of an Act may be amended without reenacting the entire statute. (39 Tex. Jur., p. 127).

### SUMMARY

1. The fees due and owing a constable performing services on a fee basis in Fayette County, whose population is less than 40,000 inhabitants according to the preceding Federal Census, are governed by the provisions of Article 1030, 1020 and 1065 of the Code of Criminal Procedure.

2. A constable in Fayette County, whose population according to the preceding Federal Census is less than 40,000 inhabitants, would be entitled to fifteen (15¢) cents per mile for the eight miles traveled to the place of arrest and a total of thirty (30¢) cents per mile for returning said prisoner to jail; 15¢ for the officer and 15¢ for the prisoner for each mile actually and necessarily traveled when traveling by private conveyance. (Binford vs. Robinson, 244 S.W. 807.)

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Burnell Waldrep

APPROVED MAR. 28, 1947

ATTORNEY GENERAL

BW:djm:jrb